IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SUNG TAE LIM, ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.: 7:21-CV-250 |
| ) | |
| v. ) | |
| ) | |
| ELLEN MARIE HESS, ) | By: Hon. Robert S. Ballou |
| ) | United States Magistrate Judge |
| **Defendant.** ) | |
| ) | |

### REPORT AND RECOMMENDATION

Plaintiff, Sung Tae Lim, filed this action, *pro se*, asserting claims against the Commissioner of the Virginia Employment Commission related to his application for unemployment insurance benefits and federal pandemic unemployment assistance. Dkt. 2. This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). I have carefully reviewed the Complaint and Defendant's pending Motion to Dismiss and **RECOMMEND** that the Court enter an order **DISMISSING** this case from the docket for failure to prosecute.

### PROCEDURAL HISTORY

Defendant filed a Motion to Dismiss this case on May 26, 2021. Dkt. 7.  On May 28, 2021, the Court sent Notice to Plaintiff, proceeding *pro se,* that he had twenty-one (21) days to submit evidence regarding the Motion to Dismiss, and if he failed to file a response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute. Dkt. 9.  The Motion to Dismiss and the Court's Roseboro Notice were mailed to Plaintiff's address of record

1

and were not returned as undeliverable.

On June 11, 2021, the Court entered an Order referring this case to me for dispositive and non-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). Dkt. 10. The referral order was mailed to Plaintiff's last known address, but was returned undeliverable with no forwarding address given. Dkt. 11.

Having received no response or other filing from Plaintiff, the Court issued an Order to Show Cause on July 19, 2021, giving Plaintiff until July 30, 2021, to show cause why this action should not be dismissed for failure to prosecute. Dkt. 13. The Order notified Plaintiff that failure to comply could result in this action being dismissed without further notice. Id. The Order to Show Cause was mailed to Plaintiff's last known address and returned as undeliverable. Dkt. 14. The Order was also emailed to the email address provided in Plaintiff's Complaint, out of an abundance of caution. To date, Plaintiff has not filed a brief or responded to the Court's order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows for the involuntary dismissal of a case for failure to prosecute, and a district court may dismiss a case with prejudice for failure to prosecute on its own motion. Fed. R. Civ. P. 41(b); see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (citing Link v. Wabash R. Co., 370 U.S. 626 (1962)). In determining whether involuntary dismissal for failure to prosecute is appropriate under Rule 41(b), courts examine "(1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction." Craft v. Astrue, No. 1:10CV9, 2012 WL 6569021, at *1, *2 (M.D.N.C. Dec. 17, 2012); see Davis, 588 F.2d at 70.

Pro se litigants, such as Plaintiff, "are not held to the same high standards as attorneys." Craft, 2012 WL 6569021 at *1, (citing Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, such litigants "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989). Consequently, pro se litigants are subject to Rule 41(b). See id.

## Discussion

Plaintiff has failed to prosecute his claim and to comply with orders of the Court, including the Order to Show Cause; and thus, his suit is subject to dismissal under Rule 41. Plaintiff has failed to take any appreciable steps toward prosecuting his claim since filing his complaint and issuing the required accompanying summonses, leaving the Court no choice but to assume that he has elected not to pursue it. Further, Plaintiff is required to provide the court with an address where he can be served with pleadings. W.D. Va. Civ. R. 11(a). "[T]he failure to keep the Court informed of a new address constitutes a failure to prosecute." Hill v. Berryhill, No. 1:18-cv-167, 2019 WL 3034671, at *3 n. 4 (N.D.W. Va. July 11, 2019) (collecting cases).

In considering the four factors for involuntary dismissal under Rule 41(b), I find that each factor weighs in favor of dismissal. First, while "[p]ro se litigants are entitled to some deference from courts," Ballard, 882 F.2d at 96, Plaintiff is solely responsible to pursue his claim and has failed to do so despite a Roseboro notice and Show Cause Order. Second, Plaintiff's failure to pursue the claim has left the Defendant unable to proceed with the pending Motion to Dismiss and to ultimately resolve the claim. Third, Plaintiff has had since May 26, 2021, to file a response to the pending Motion to Dismiss, was reminded and given another opportunity to do

so by way of the Roseboro notice, which was mailed to Plaintiff's last known address and not returned as undeliverable, and the Show Cause Order, which was both mailed and emailed to Plaintiff.  Finally, Plaintiff failed to notify the Court of his current address and failed to take any action related to the claim, making dismissal the appropriate action under Rule 41(b), as the Fourth Circuit has held that a district court does not abuse its discretion in dismissing a case by its own motion for a plaintiff's failure to prosecute a claim and to comply with a court order. Davis, 588 F.2d at 70.  Consequently, dismissal is an appropriate sanction for Plaintiff's failure to prosecute this action, his failure to provide his current contact information to the Court and his non-compliance with the Court's Order.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** that the Court enter an Order **DISMISSING** this case from the docket without prejudice. The Clerk is directed to transmit the record in this case to Michael F. Urbanski, Chief United States District Judge, and to provide copies of this Report and Recommendation to counsel of record.  Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof.  Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28

U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Entered: August 12, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge